UNITED STATES of America,
Appellee,

v.

Jose Santiago VERA, also known
as Max, Eduardo Casiano,
Defendants–Appellants.

Nos. 07–1684–cr (Lead), 08–1814–cr.

United States Court of Appeals,
Second Circuit.

Jan. 27, 2010.

Michele Hauser, Law Office of Michele Hauser, David L. Lewis, Lewis & Fiore, New York, NY, for Defendants–Appellants.

Assistant United States Attorney Robert M. Spector (Sandra S. Glover, Assistant United States Attorney, on the brief) for Nora R. Dannehy, United States Attor-

200

PRESENT: PIERRE N. LEVAL, CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellants Jose Santiago Vera ("Vera") and Eduardo Casiano ("Casiano") appeal from judgments of conviction entered in the United States District Court for the District of Connecticut (Kravitz, *J.*) on April 10, 2007 (Vera) and April 14, 2008 (Casiano), following a jury verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court did not abuse its discretion when it dismissed a juror *sua sponte*. The juror indicated her inability to follow the court's instructions and the court justifiably removed her.

The district court also did not abuse its discretion when the court declined to interview a juror *in camera* after the completion of the trial. Under Federal Rule of Evidence 606(b), a court may not interview a juror about "any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict." Fed. R.Evid. 606(b). A juror may only testify about "(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." *Id.* We find no error in the court's conclusion that the juror's letter did not implicate any of the three permissible areas of inquiry.

Finally, the district court did not commit plain error when it permitted the government's investigator to testify about the proffer and cooperation agreements.

We AFFIRM.